NO. 07-96-0143-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 21, 2003



______________________________




 JAMES PRICE AND ROBERT PRICE, INDIVIDUALLY


AND AS CO-PARTNERS D/B/A PRICE BROS. FARMS, APPELLANTS



V.






JAMES RENEAU SEED COMPANY, INC., APPELLEE



_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 9917; HONORABLE M. KENT SIMS, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

 Appellants James Price and Robert Price d/b/a Price Brothers Farms bring this
appeal from a trial court judgment in favor of appellee James Reneau Seed Co., Inc. For
reasons we later express, we dismiss the appeal.

 The judgment in question here was rendered on January 9, 1996. The appeal from
the judgment was timely perfected and both parties timely filed their briefs. However, on
September 4, 1996, this court, having been notified that appellants were involved in
bankruptcy proceedings, abated this cause to be reinstated upon proper motion. 

 Nothing further was heard from either party subsequent to September 4, 1996. 
Because of the time lapse, by direction of the court, the parties were notified by our clerk
to advise the court of the status of the bankruptcy proceeding. On May 22, 2003, the clerk
was notified by appellants' attorney that he was informed that the bankruptcy proceeding
had been fully administered and was closed in July 1998. Nothing further was heard from
the parties.

 On August 7, 2003, the parties were notified that unless appellants or any party
desiring to continue the appeal, within ten days from the date of the notice, filed with this
court a response showing grounds for continuing the appeal, the appeal would be
dismissed for lack of prosecution. No reply to that notice has been made by either party.

 Accordingly, the appeal is reinstated, and as reinstated, is hereby dismissed. 


 John T. Boyd

 Senior Justice 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



n Locked="false" Priority="39" Name="toc 8"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-0426-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



AUGUST
6, 2010

 



 

JEREMY D. CHANEY,

  

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-419,247; HONORABLE CECIL G.
PURYEAR, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Jeremy D.
Chaney was convicted of assault against a family member (his former wife).  He contends the trial court committed error
in failing to give him an instruction on the affirmative defense of protection
of life or health.  We affirm the
judgment. 

            Background

            On January 25, 2008, appellant and
his former wife, Betty, went to pick up her daughter from her place of
employment.  The daughter refused to get
into the car when she observed that appellant was with her mother.  Appellant and Betty left but became engaged
in an argument with each other.  This
resulted in Betty exiting the car at an intersection and crossing multiple
lanes of traffic.  Appellant gave chase
in the vehicle, met Betty in a nearby parking lot, grabbed her by her hair and
pulled her back into the car.  This was
witnessed by various people who attempted to come to her aid.  One heard Betty say that appellant was going
to kill her.  

            After
forcing Betty into the car, appellant drove away.  However, he was soon stopped by the
police.  One officer confronted appellant
who simply indicated that he was driving his wife home.  This same officer also questioned Betty and
noticed that she had red marks on the inside of her left bicep and clumps of
her hair in her hand.        At trial, appellant testified that Betty
was drunk, initially attempted to exit the vehicle while it was moving,
eventually left it while stopped at an intersection, and ran into the traffic.  He also asserted that he gave chase to
protect her. 

            Instruction

            As previously mentioned, appellant
believed that he was entitled to the submission of an instruction informing the
jury that a person is justified in using force other than deadly force, against
another when and to the degree he reasonably believes the force is immediately
necessary to prevent the other from committing suicide or inflicting serious
bodily injury to himself.  Tex. Penal Code Ann. §9.34(a)
(Vernon  2003).  It was denied him, however.  Nonetheless, the trial court did charge the
jury on the defense of necessity.  Per
the latter, the jurors were told that an accuseds conduct is justified when the actor
reasonably believes it is immediately necessary to avoid imminent harm and the
desirability and urgency of avoiding the harm clearly outweighs, according to
ordinary standards of reasonableness, the harm sought to be prevented by the
law proscribing the conduct.  Id. §9.22.  

            It is true that a defendant is entitled to a jury instruction on every defense
as long as there is evidence to raise it. 
Granger v. State, 3 S.W.3d 36,
38 (Tex. Crim. App. 1997).  Furthermore,
the source, credibility, or strength of the evidence is immaterial to the
determination of whether the instruction should be included in the charge.  Hamel
v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).  For purposes of this appeal, we assume arguendo that sufficient evidence appeared
of record to warrant the submission of the instruction denied appellant.  That being done, the issue becomes whether
the omission was harmful.  And, because
appellant requested the instruction, the pertinent test for assessing harm is whether
the error was calculated to injure his rights. 
Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985).  

            We conclude
that the requisite harm was not shown at bar. 
This is so for several reasons. 
First, there is a significant overlap between the defenses of necessity
and protection of life or health.  Kenny v. State, 292 S.W.3d 89, 101 (Tex.
App.Houston [14th Dist.] 2007, pet. refd).  Both focus upon the need to exert force in
aid of another.  Furthermore, it is conceivable
that an instruction on necessity may ameliorate any harm posed by the omitted
instruction.  That is, the former
provided the jury with a means of finding appellants conduct justifiable if
needed to protect Betty from herself, and the same is true of the latter.  So, it is rather difficult to say that
appellant was actually denied the benefits of the defense he pursued.  Of course, the jurors had to accept his
version of events.  Moreover, and unlike
the defensive instruction denied him, that of necessity relieved appellant of
having to prove that his ex-wife was about to commit suicide or suffer serious
bodily injury.  Indeed, the instruction
submitted required no proof that Betty faced a risk of death or serious bodily
injury but only that there was the presence of imminent harm.  And, one cannot deny that the rather
amorphous concept harm could be interpreted as encompassing much more than
death or serious bodily injury.

            Second,
other than appellants own testimony, little to no other evidence supported his
proposition that he was acting for the good of Betty.  Rather, those without an obvious potential
for personal bias spoke of seeing his aggressive behavior and the fear
emanating from Betty.  So too did one or
more describe the rather insulting words used by him to describe Betty at the
time.  Such is not necessarily demeanor
exemplified by a person who cares for the well-being of another to whom his
actions are directed.

            Third, among
the plethora of evidence tendered to the jurors was that illustrating
appellants criminal history.  It
encompassed multiple convictions for assaultive conduct, some of which was
directed against Betty.  Having been
convicted of assaulting his ex-wife in the past hardly strengthens the
contention that the physical force used against her at bar was for her own
protection.    

            In sum,
appellant was afforded the opportunity to gain freedom by justifying his
conduct via the instruction submitted. 
And while the evidence supporting his claimed defense was weak, that
negating it was rather strong.  So too
did his criminal history tend to negate his credibility.  Thus, we cannot say that appellant was harmed
when the 

 

trial court omitted the instruction at issue.  Consequently, we overrule the point of error
and affirm the judgment.  

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do not publish.